**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| Opinion Corp. and<br>Consumer Opinion Corp.,<br><br>Plaintiffs,<br><br>v.<br><br>Roca Labs, Inc.,<br>Defendant.<br>_____ / | Case No: 9:15-cv-80051<br><br><br><br>**MOTION TO DEEM DEFENDANT SERVED. IN THE ALTERNATIVE, MOTION FOR ALTERNATE SERVICE. IN THE FURTHER ALTERNATIVE, MOTION FOR EARLY DISCOVERY** |

**1.0   INTRODUCTION**

Roca Labs is actively involved in multiple cases in this state. However, despite the mandates of Fla. Stat. § 607.0501, it does not have a registered agent. Its attorneys refuse to accept service of the complaint. Its registered agent address is consistently unoccupied, or its registered agent is barricaded inside, refusing to come out or open the door. Plaintiff has attempted to serve Defendant on multiple occasions at the location listed with the Florida Secretary of State. As far back as August, the Plaintiff attempted service in another action at the current registered agent address. The undersigned conducted an investigation and learned that another plaintiff is also attempting to serve Roca at the same address – to no avail. Attached as Exhibit 1 is an affidavit of non-service in the matter of *The Solomon Law, PA v. Don Juravin; Roca Labs, Inc.*, Case No.: 14-CC-035101. Finally, for the sake of completeness, Plaintiff tried to serve this instant action at Roca Labs' registered agent address, and found that nothing has changed since August – Roca Labs appears to have gone into

hiding. Attached as Exhibit 2 is an affidavit of non-service from the process server dated January 23, 2015.

By all indications, Roca Labs is evading service of not just this Complaint, but of at least two other complaints including a class action against it for deceptive trade practices, and a lawsuit filed against it by one of its prior law firms – for non-payment of fees. More diligence on the Plaintiff's part is not likely to yield new results.

Furthermore, Roca Labs is utilizing the courts, where it sees fit, as it is the Plaintiff in no fewer than 6 suits. *Roca Labs, Inc. v. Schaive et al.*, Broward County, Florida (Case No.: CACE 14-020786); *Roca Labs, Inc. v. Does 1-11*, Broward County, Florida (Case No.: CACE 14-021978); *Roca Labs Inc. v. Lina Scibelli*, Miami-Dade County, Florida (Case No: 14-CA-025302); *Roca Labs Inc. v. Marc Randazza*, Hillsborough County, Florida (Case No.: 14-CA-011251); *Roca Labs, Inc v. Opinion Corp. and Consumer Opinion Corp*. (Case No.: 8:14-cv-02096); *Roca Labs, Inc v. Alice King*, (Case No.: 8:14-cv-02811); just to name a few. Roca has no aversion to actively litigating case after case, as long as it is the plaintiff.

Given that the Defendant is actively evading service, the Plaintiff requires relief from this Court, or service may never be effected. Plaintiff requests that this court either deem Roca Labs served (as one of its attorneys has filed the complaint in this case as an exhibit in another case, thus definitively proving that Roca Labs has complete and adequate notice of the claim). In the event that the court declines to deem Roca Labs served, Plaintiff requests the right to serve Roca Labs through alternate means. In the further alternative, Plaintiff requests the right to begin issuing subpoenas to find Roca Labs' true principal place of business, or other premises where Roca Labs employees or principals may be found, so that they may be served. In short, Plaintiff requires judicial intervention

lest Roca Labs succeed in simply evading service, as has been its modus operandi for months to date.

**2.0   The Court Should Deem Roca Labs Served**

Immediately upon filing the instant complaint, Roca Labs was sent, and received, the complaint via email.  The complaint was sent to Roca Labs' General Counsel, and all of its other known attorneys at legal@rocalabs.com, legal1@rocalabs.com, legal2@rocalabs.com, legal3@rocalabs.com, legal4@rocalabs.com, and legal5@rocalabs.com.  These emails were sent using a service that confirms when the emails are received and opened.  The Counsel for Opinion Corp. and Consumer Opinion Corp. utilizes a service, Read Notify, which provides a report as to when and where an email was opened and read.  Here, these emails were opened on January 14, 2015, shortly after initially sent, and again another 26 times thereafter.  Attached as Exhibit 3 is the declaration of Theresa M. Haar.  Attached as Exhibit 4 is the Read Notify printout.

Attorney Paul Berger is Roca Labs' general counsel and the author of the DMCA Notice and 770 notice at issue in this action. Attached as Exhibit 5 is a copy of the DMCA Notice.  Attached as Exhibit 6 is the §770 Notice.  On January 19, 2015 Berger sent an email to Theresa Haar, in response to a letter from Marc Randazza, Esq. requesting waiver of service of the summons in this case, stating that he refused to accept service of the Complaint.  Email attached as Exhibit 7. Nevertheless, mere hours later, also on January 19, 2015, Roca Labs filed the very complaint in this action as an exhibit in a separate case.  Attached as Exhibit 8 is Case No.: 8:14-cv-02096, ECF 79, Exhibit A, whereby Roca Labs filed the Complaint in this action as an exhibit in a separate action.  Once its attorney filed the Complaint as an exhibit, he established that Roca Labs has possession of the complaint, it is aware of the complaint, and is aware of its contents.  It is well settled that, "[g]enerally, an attorney serves as agent for his client; the

attorney's acts are the acts of the principal, the client." *Chamberlain v. Integraclick, Inc.*, 2011 U.S. Dist. LEXIS 42645, 11 (N.D. Fla. Apr. 15, 2011) (quoting *Andrew H. Boros, P.A., v. Arnold P. Carter, M.D., P.A.*, 537 So.2d 1134, 1135 (3d DCA 1989)).  Once Attorney Tanner filed the Complaint as an exhibit in another case, on behalf of Roca Labs, Tanner effectively waived service of the Complaint – or at least definitively made it clear that Roca Labs had the Complaint in its possession.  The fact that Roca Labs used the Complaint as part of a quest for affirmative relief in another case makes it doubly so.

The goal of service under Rule 4 of the Federal Rules of Civil Procedure is to provide notice that a legal action has been filed to allow the defending party to have a fair opportunity to respond to the pleading.  *See Henderson v. U.S.*, 517 U.S. 654, 672 (1996).  In some circumstances, there may be doubt.  But, by actually attaching the Complaint as an exhibit to a motion in another action, Roca Labs cannot seriously contend that it remains ignorant as to the existence and pendency of this case.

Once the Defendant has adequate notice of the suit, the Defendant should not be rewarded for playing games with service.  See *Willie McCormick & Assocs. v. Lakeshore Eng'g Servs.*, 2013 U.S. Dist. LEXIS 158125, 5 (E.D. Mich. Nov. 5, 2013) (When evading defendant was deemed by court to have adequate notice of suit, court issued order that defendant was deemed served).  See also *Gaffigan v. Doe*, 689 F. Supp. 2d 1332, 1342 (S.D. Fla. 2009) (citing *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002) ("[W]hen faced with an international e-business scofflaw, playing hide-and-seek with the federal court, e-mail may be the only means of effecting service of process")).

Accordingly, Plaintiff requests that this court deem Roca Labs served as of the date that the complaint was filed as an exhibit on January 19, 2015.  See Exhibit 8.  "Where it is evident that Plaintiffs have tried to comply with every

available means to provide Defendant with notice, that Defendant does have actual notice of suit, and that Defendant has been evading service, it seems futile to require Plaintiffs to expend countless additional resources in order to effect service upon Defendants." *Chamberlain v. Integraclick*, Inc., 2011 U.S. Dist. LEXIS 42645, 12 (N.D. Fla. Apr. 15, 2011).

**3.0   In the alternative, the Court should authorize alternate service**

The goal of service is to provide notice that a legal action has been filed to allow the defending party to have a fair opportunity to respond to the pleading. See *Henderson v. U.S.* at 672. "[T]he decision to issue an order allowing service by alternate means lies solely within the discretion of the district court." Chanel, Inc. v. Lin, 2009 U.S. Dist. LEXIS 36741, 2009 WL 1034627, at *1 (S.D. Fla. Apr. 16, 2009). Under Rule 4(e) Plaintiffs may effect service on Defendant "pursuant to the law of the state in which the district court is located." Therefore, the Court may authorize service in any form contemplated under Florida law.

Florida Rule 1.290(a)(2) allows a court to "make an order for service by publication or otherwise" when "service cannot with due diligence be made upon any expected adverse party named in the petition." Service of process by publication may be allowed where Plaintiff has made "an honest and conscientious effort . . . to acquire information necessary to fully comply with controlling statutes." *Cook v. Smith*, 2005 WL 1345741, at *1 (M.D. Fla. June 3, 2005) (*citing Gans v. Heathgate-Sunflower Homeowners Ass'n*, 593 So.2d 549 (Fla. Dist. Ct. App. 1992)).

As demonstrated above, there has been more than an honest and conscientious effort to serve Roca Labs – including multiple attempts and coordination with other plaintiffs.  Roca is in hiding.  No traditional service methods will be successful for as long as Roca Labs has entered this state of

barricading itself behind unknown doors in an effort to escape the multiple parties who are all lining up to take it to task for its wrongdoing.

### 3.1 This Court Should Allow Service of Process by Upon Counsel

In the event that the Court does not wish to deem Roca Labs already served, it would be proper to authorize service upon Roca Labs' attorneys. As of today, Roca Labs is represented by at least three law firms in the various litigation matters listed above. One of them has already proven, definitively, that it has the Complaint and that Roca Labs is at least constructively aware of it. But this court may simply, in the interest of justice and in light of the evidence of Roca Labs' extensive efforts to evade service, pre-authorize service of process upon any attorney of record for Roca Labs. This would ensure that Roca Labs is fully aware of the claims against it.

Service upon Roca Labs' attorneys may, admittedly, be complicated by the fact that neither Mr. Berger nor Mr. Tanner list physical addresses, only practicing law from P.O. Boxes. This is consistent with their clients' goals of evading service, if perhaps questionable in terms of legal practice. Plaintiffs respectfully submits that it would be in the interest of the effective administration of justice the Court authorize service by email to these attorneys, who as officers of the court should as a general rule never be incapable of physical service. Naturally, if the Court prefers that plaintiffs nonetheless make the requisite due diligence efforts for physical service on Roca Labs' attorneys as would normally be required on the parties themselves under Fed. R. Civ. P. 4, Plaintiff will endeavor to find their mysterious lairs.

/ /

/ /


**3.2   In the alternative, service by publication would be reasonable under the circumstances**

In the further alternative Plaintiffs respectfully request that this Court allow and Order that service of the Summons and Complaint on Roca Labs may be effected by publication of the name of the Defendant and its known principals and employees, the name, status and description of Roca Labs; the nature of the action or proceeding in short and simple terms; the name of the court in which the action or proceeding was instituted and an abbreviated title of the case; such publication to occur for two weeks in publications certain to be reviewed by Roca Labs.  Plaintiffs submit that the most likely place for Roca Labs to view such publication is Plaintiff's website, which the record indicates is monitored by Defendant to the point of obsession.  Alternatively, Plaintiff submits that the traditional print publication route would be satisfied by a notice printed once per week for three consecutive weeks in the Palm Beach *Post* and the St. Petersburg *Times*.

Plaintiffs respectfully remind the Court, however, that Roca Labs has clearly already received notice of the complaint and summonses.  Its attorneys have received it.  Its principal has received it.  At least one attorney has filed it as an exhibit seeking affirmative relief. Thus, allowing service of process by publication will not prejudice or deprive Roca Labs of a fair opportunity to respond to the pleading.

**4.0   As a final alternative, the Court should authorize early discovery**

Roca Labs is clearly in "crisis mode," one indication of which is its "Defcon" strategy of secreting its principals in multiple undisclosed locations to a swarm of process servers deployed by multiple law firms.  Notwithstanding these efforts, it is likely possible to ascertain the whereabouts of persons representing the

corporate defendants upon whom service can be effectuated through issuance of subpoenas to third parties.

### 4.1 The Federal Rules of Civil Procedure Allow Early Discovery

"A court may authorize early discovery for convenience of the parties or witnesses, and in the interests of justice, and may order discovery of any relevant matter for good cause. Fed. R. Civ. P. 26(b); Fed. R. Civ. P. 26(d)(2)." *Good Man Prods. v. Doe*, 2015 U.S. Dist. LEXIS 7830, 2 (Jan. 23, 2015). *See also Dell Inc. v. BelgiumDomains, LLC*, 2007 U.S. Dist. LEXIS 98676, *18 (S.D. Fla. 2007); *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005) (granting ex parte expedited discovery from third parties where plaintiff showed good cause); *Semitool, Inc. v. Tokyo Electronic America, Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002) (applying a good cause standard to plaintiff's request for expedited discovery); and *Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liab. Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002) (applying a good cause standard to plaintiff's request for expedited discovery). More specifically, courts have authorized early discovery when the particular nature of a defendant's actions leave service as a challenge, absent authorization to conduct discovery. *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999).

### 4.2 Early Discovery Is Appropriate Under These Circumstances

The foregoing authority applies at least as well the case as bar as any other imaginable. On information and belief, Roca Labs imports its questionable product from an unknown location in Mexico. Thus the product must enter the United States through the Customs Service, assuming it is not smuggled across the border. Early discovery will enable plaintiffs to turn up paths leading to and from order fulfillment facilities, contractors, and other parties with some knowledge of Roca's location. Finally, the company's location would not be a matter of attorney-client privilege, therefore, as a last resort, Plaintiff would seek

8
Motion to Deem Roca Labs Served or for Alternate Service or for Early Discovery

the depositions of Roca Labs' attorneys – who, again, must as officers of the court ultimately be amenable to the service themselves – concerning non-privileged information of which they are aware tending to lead to the discovery of where Roca and its principals have gone into hiding.

Similarly, Plaintiffs request expedited discovery upon Roca Labs' domain name registrar and web hosting company, and any other online services that Roca Labs may use, in order to discover where bills are sent and where service communications come from. In addition, Plaintiff requests that it be permitted to serve written discovery upon any attorneys representing Roca Labs in order to seek information about Roca Labs' whereabouts and the whereabouts of its principals (but no information that could be deemed attorney-client privileged, and only upon raising of valid objections with this court). Additionally, Plaintiff would like permission to issue subpoenas for information from the Department of Motor Vehicles and other state agencies for the whereabouts of Donald Juravin and George C. Whiting, as the addresses listed in any public records do not appear to be current for either of them. (Mr. Juravin is the principal owner of Roca Labs and George Whiting is its registered agent and Vice President).

**5.0  Local Rule Meet and Confer Certification**

Because Roca Labs is actively evading service and no attorney known to represent Roca Labs has entered an appearance, Plaintiffs counsel could not meet and confer with adversary counsel to obviate the need for this motion. Plaintiff nonetheless did seek a waiver of service from Defendant's Attorney Paul Berger, who immediately declined to accept service. See Exhibit 7. To the extent that a Rule 7.1(A)(3) conference could be executed, it was, or at least the spirit of the local rule was honored in pre-motion actions. Furthermore, this motion will be served upon Attorney Berger via email and U.S. Mail, and should

his client then either accept service or authorize him to, it will moot the instant motion, and Plaintiff will promptly notify the Court.

### 6.0    Attorneys Fees are Appropriate

It is nothing less than ludicrous, and a poke in the eye to the legal system, that this motion should be necessary.  Florida law requires Roca Labs to maintain a registered agent.  Roca Labs refuses to, and is clearly evading service.  Its attorney had the authority to issue abusive DMCA takedown demands and unsupportable §770 notices, but when the consequences of those very transmissions come to roost, Roca (and its attorney) decide to play hide and seek.  Despite receiving the Complaint and using it as an exhibit (for no reason) in another case, Roca simply wishes to pretend that this case does not exist.  Accordingly, it would be proper under the court's inherent power, to tax the costs and fees of this motion to the Defendant.   At this point, these fees and costs are approximately $2,000.  Upon the court determining that the Plaintiff has a right to fees, the Plaintiff will present billing and declarations in support of the full amount billed.

Furthermore, pursuant to Fed. R. Civ. P. 4(d)(2), by refusing to accept waiver of service, Roca Labs is liable not only for the expenses incurred by Opinion Corp. in making service, but also other reasonable expenses, including attorneys' fees expended in bringing this motion.  Fed. R. Civ. P. 4(d)(2)(B).

### 7.0    Conclusion and Relief

Since Roca Labs has gone to ground and is actively evading multiple lawsuits, the Plaintiff requires the assistance of this court.  The simplest solution would be to issue an order that Roca Labs has effectively been served.

In the alternative, Plaintiff requests that this Court issue an Order authorizing alternate service upon counsel for Roca or by publication.

As a final alternative, Plaintiff requests that this Court authorize it to begin taking discovery reasonably calculated to learn the whereabouts of Roca Labs' operations, and the locations of its employees and principals.

Whatever the relief granted, it would be proper and permissible for the court to order Roca Labs to pay the Plaintiff's fees and costs incurred in the drafting of this motion.

DATED:  this 26th day of January 2015.

Respectfully Submitted,

*s/ Marc Randazza*
MARC J. RANDAZZA
Florida Bar No.: 625566
RANDAZZA LEGAL GROUP
3625 S. Town Center Drive
Las Vegas, Nevada 89135
Tele:  702-420-2001
Fax: 305-437-7662
Email: ecf@randazza.com

RONALD D. COLEMAN
*Pro Hac Vice* Pending
GOETZ FITZPATRICK LLP
One Penn Plaza, Suite 3100
New York, New York 10119
Tele: 212-695-8100
Fax: 212-629-4013
Email: rcoleman@goetzfitz.com

*Attorneys for Plaintiffs*

11
Motion to Deem Roca Labs Served or for Alternate Service or for Early Discovery

CASE NO.: 9:15-cv-80051

**CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that on the 26th of January 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served upon: Paul Berger, Esq., counsel for Roca Labs, via e-mail and US Mail to:

Paul Berger, Esq.
PO. Box 7898
Delray Beach, FL 33483

Legal5@rocalabs.com

*T. Waan*
_____
An employee / agent of
RANDAZZA LEGAL GROUP