UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-80051-CIV-ZLOCH

OPINION CORP. and CONSUMER
OPINION CORP.,

            Plaintiffs,                    **ORDER TRANSFERRING ACTION TO THE**
                                           **UNITED STATES DISTRICT COURT**
vs.                                        **FOR THE MIDDLE DISTRICT OF FLORIDA**


ROCA LABS, INC.,

            Defendant.
_____/

        THIS MATTER is before the Court upon the Defendant's Motion To
Dismiss For Improper Venue Or, In The Alternative, Motion To
Transfer Action For The Convenience Of Parties And Witnesses (DE
16).  The Court has carefully reviewed said Motion, the entire
court file and is otherwise fully advised in the premises.

        Plaintiffs Opinion Corp. and Consumer Opinion Corp.
(hereinafter "Plaintiffs") commenced the above-styled cause on
January 14, 2015, by the filing of their Complaint (DE 1).  Said
Complaint asserts violations of the Digital Millennium Copyright
Act (hereinafter "DCMA"), pursuant to 17 U.S.C. § 512, abuse of
process, as well as declaratory relief.  By the instant Motion (DE
16), Defendant Roca Labs, Inc., moves to dismiss the above-styled
cause, pursuant to Fed. R. Civ. P. 12(b)(3), or, in the
alternative, seeks to transfer the above-styled cause to the Middle
District of Florida.  For the following reasons, the Court will

transfer this case to the Middle District of Florida, pursuant to 28 U.S.C. § 1404(a).

The Court notes that Title 28, United States Code, Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).  Initially, the Court must consider whether this action might have been brought in the Middle District of Florida.  An action  might have been brought in a proposed transferee court if: (1) the transferee court has jurisdiction over the subject matter of the action; (2) venue is proper in the transferee court; and (3) the defendant is amenable to process issuing out of the transferee court.  Windmere Corp. v. Remington Products Inc., 617 F. Supp. 8, 10 (S.D. Fla. 1985).

Here, the Court notes that the basis of federal court jurisdiction is federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Therefore, the Court finds that the Middle District of Florida would have subject matter jurisdiction over the above-styled cause based upon federal question jurisdiction.

Next, the Court notes that venue would be proper in the Middle District of Florida.  Defendant Roca Labs, Inc., is currently the plaintiff in an action in the Middle District of Florida, against both Plaintiffs in the above-styled cause, which commenced with the

2

filing of a state court complaint on August 26, 2014.  See Roca Labs, Inc. v. Opinion Corp., and Consumer Opinion Corp., Case No. 8:14-cv-02096-VMC-EAJ (M.D. Fla. March 20, 2015).  Plaintiff Opinion Corp., also filed an action against Defendant Roca Labs, Inc., in the Southern District of New York.  See Opinion Corp. V. Roca Labs, Inc., and Roca Labs Nutraceuticals USA, Inc., 1:14-cv-06396-LGA (S.D.N.Y. Jan. 30, 2015) (hereinafter "the New York action").  Both of the aforementioned lawsuits involve the same or substantially the same facts at issue in the above-styled cause. The Court notes that the New York action was transferred to the Middle District of Florida.  See id., DE 48.  Therefore, venue would be proper in the Middle District of Florida.[1]  Finally, the Court notes that Defendant would be amenable to process issuing from that court pursuant to Rule 4(h) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 4(h).

Having found that venue would be proper in the Middle District of Florida, the Court must now determine whether out of convenience of the parties and witnesses, and in the interests of justice, it should transfer the above-styled cause.  28 U.S.C. § 1404(a). Courts consider several factors in making this determination,

---

[1]  The Court also notes that Plaintiff Opinion Corp., voluntarily dismissed the transferred New York action on March 9, 2015.  See Opinion Corp. v. Roca Labs, Inc., and Roca Labs Nutraceuticals USA, Inc., 8:15-cv-00263-SCB-TBM, DE 53 (M.D. Fla. March 9, 2015).

including: the plaintiff's choice of forum; convenience of the parties and witnesses; availability of compulsory process for witnesses; access to sources of proof and location of relevant documents; financial ability to bear the cost of change; the public interest; and all other considerations that make trying the case easy and efficient. <u>Mason v. Smithkline Beecham Clinical Lab.'s</u>, 146 F. Supp. 2d 1355, 1359 (S.D. Fla. 2001). The Parties fail to address several of these factors, including the location of non-party witnesses, availability of compulsory process for witnesses, financial ability to bear the cost of change, or the public interest.

However, the Court finds that, in light of the similarity of the operative facts and issues among the transferred New York action, the action currently pending in the Middle District of Florida, and the above-styled cause, that transferring the above-styled cause to the Middle District of Florida is proper, pursuant to 28 U.S.C. § 1404(a).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1.   To the extent Defendant's Motion To Dismiss For Improper Venue Or, In The Alternative, Motion To Transfer Action For The Convenience Of Parties And Witnesses (DE 16) seeks to transfer the above-styled cause to the Middle District of Florida, said Motion be and the same is hereby **GRANTED;**

4

2.    The Clerk of the United States District Court for the Southern District of Florida is hereby **DIRECTED** to take all necessary steps and procedures to effect the expeditious transfer of the above-styled action to the United States District Court for the Middle District of Florida for further proceedings; and

3.    To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** without prejudice, with leave for refiling in the transferee court.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ____2nd____ day of April, 2015.

WILLIAM J. ZLOCH
Chief United States District Judge

Copies furnished:
All Counsel of Record