UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OPINION CORP., Et. Al.
    Plaintiffs,
v.                                        Case No.: 8:15-cv-00811-EAK-AEP

ROCA LABS, INC.,
    Defendants.
_____/

## DEFENDANT'S ROCA LABS, INC. MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 AND 28 U.S.C. § 1927

COME NOW Defendant Roca Labs, Inc. ("Roca") and hereby moves this Court for entry of an Order of sanctions against Plaintiff Opinion Corp ("Opinion"), pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") and 28 U.S.C. § 1927 and in support thereof, states as follows:

**I.    INTRODUCTION**

The Plaintiff, Opinion Corp. is a company that has a long history of using the Internet to hurt the reputation of business and individuals. Opinion owns and operates the website pissedconsumer.com, which is a self described "consumer gripe" site. In many ways pissedconsumer.com functions like a revenge porn website and Opinon has been accused on multiple occasions of playing both sides of the fence by requiring businesses to pay money to "manage" their online reputation (in other words remove items from pissedconsumer.com for a fee).

Opinion Corp. has graduated from using the web to using the U.S. legal system to harm business and further extract money and harass businesses that try to fight their dual tactics. Opinion Corp.'s lawyers have endorsed these practices and referred to litigation as war. Opinion has a long history of victimizing businesses and other Federal Courts have called their business "practices troubling and perhaps unethical." [1]

On August 12, 2014, Opinion sued Roca in New York District Court in a similar declaratory judgment action (Case 1:14-cv-06396-LGS). The matter was then transferred from New York to the United States District Court, Middle District of Florida (Order will be attached if filed). It was then voluntarily dismissed by Opinion. In truth this action was nothing more than a jump the gun, thinly veiled attempt to by Opinion to attempt to block Roca from taking action against it in Florida, forum shop and harass Roca. When Opinion failed in attempt it had no choice but to dismiss the action.

Roca subsequently, sued Opinion in Sarasota, Florida State Court for defamation, tortious interference, FDUTPA violations, among others which Opinion subsequently had removed to Florida Middle District Court (CASE 14-cv-02096-VMC-EAJ). On September 11, 2014, Opinion filed an answer and affirmative. Opinion appropriately did not file any counterclaims against Roca or seek any declaratory relief (Said Opinion pleadings are referred to and will be attached should this motion be filed) .

Notwithstanding its defeat in its initial lawsuit, Opinion continued its harassment litigation strategy when on January 14, 2015, it brought yet another improper venue lawsuit in the Southern District of Florida (It will be attached should this motion be filed) . Opinion's basis

---

[1] *Ascentive, LLC v. Opinion Corp.*, 842 F. Supp. 2d 450 Dist. Court, ED New York 2011

for its claim in the Southern District was that an attorney for Roca works in Palm Beach County and therefore the Southern District was appropriate. This improper venue lawsuit was tantamount to yet another attempt by Opinion to harass Roca shockingly in yet another improper forum. The claims brought in the complaint against Roca have no factual basis, are based on legal theory that has no reasonable chance of success and was filed merely to harass Roca.

Unlike the vast majority of Opinion's online and legal targets, Roca has refused to be bullied into buying reputation management services from Opinion or pay Opinion a nuisance value settlement. It also will not drop its lawsuit against Opinion, despite a threat of a barrage of lawsuits from Opinion and a fraudulent public campaign by Opinion to raise money to fight Roca in Court.

Upon information and belief Opinion has solicited funds from its millions of viewers to build a war chest to sue Roca. It published a webpage http://www.pissedconsumer.com/static/roca-labs-fundraising.html ( Said documents are referred to and will be attached should this motion be filed) Opinion has falsely claimed that it was in desperate need of funds as Roca sued Opinion first in a SLAPP suit. It waves an American flag and proudly claims that it is defending the First Amendment. In truth, Opinion is operated by individuals based the Ukraine, which has been and continues to be a haven for computer hackers, This purposeful operational location is plaqued with gangs of cyber criminals that excel in extortion, computer fraud, bank fraud and money laundering. According to the FBI some of the most sophisticated gangs of computer criminals are based in the Ukraine. Opinion generates millions of dollars a year in from its conducting such dual operations conducting "reputation

management" services from U.S. companies and from online advertising and upon information and belief funnels this money to the Ukraine.

Opinion has tried to seize every opportunity to harass Roca in the Court system or in the public to drive away Roca's customers. Its war against Roca was signaled on September 18, 2014, when Opinion through its counsel sent Paul Berger, an outside attorney for Roca a cryptic email message that merely read "murum aires attigit" (Said document will be attached should this motion be filed) . The Latin phrase that translates into the ram has touched the wall, refers to the ancient Romans' strategy of not allowing mercy or surrender once the battering ram began assault on a fortification. Apparently Opinion's counsel adopted this term for the litigation arena and adopting the belief that litigation is war.  Opinion's counsel has engaged in and encouraged the filing of frivolous lawsuits across the country rendering a small owners sole like Roca to defend.  It's counsel frequently takes to social media outlets such as Twitter to harass Roca and has requested that certain media outlets help him find plaintiffs to sue Roca and publish negative articles. [2]

For example, Opinion through its counsel has caused an article to be published in TechDirt entitled *Roca Labs Issues Bogus DMCA Takedown Notices to Google to Try to Hide PissedConsumer Reviews* ( Said article will be attached should this motion be filed. Opinion's counsel upon information and belief maintains a relationship with the article's author Michael Masnick (who is also the owner of TechDirt), and has sought his help to publish articles to help Opinion find clients to sue Roca (Said documents referred to will be attached should this motion

---

[2] Roca filed a separate action against Mr. Randazza in state court in Florida.

be filed). Opinion's goal is to wage war against Roca in the U.S. Court system while its operators hide in the Ukraine.

As a result of its litigation tactics, Roca was forced to defend a baseless lawsuit in New York, which was defeated, and it is now being forced to seek redress in Court to protect its reputation against baseless improperly constructed unlawful acts and lawsuits. The arguments being raised in the instant matter are baseless and are similar to the arguments previously dismissed. Moreover, from a procedural posture its claims should have been brought, if at all, as counterclaims in the case already before this Court under Fed. R. Civ. Pro. Rule 13 and should not have been brought by filing a new matter in the Southern District Court of Florida.

Opinion's blatant use of the legal system to file a baseless lawsuits and engage in bad faith litigation warrant the sanctions requested herein. Roca respectfully requests that this matter be dismissed with prejudice and that Opinion and its legal counsel be ordered to reimburse Roca for its attorney's fees and costs in defending against Opinion's baseless claims.

### I. Factual Background

1. On August 12, 2014, Opinion sued Roca in the Eastern Districtict of New York in a declaratory judgment action (Case 1:14-cv-06396-LGS) asking the Court to declare that that it was not infringing on Roca Labs' trademark and copyrights and that its actions did not constitute false or misleading advertising.

2. On August 15, 2014, Roca filed an action against Opinion in the 12th Judicial Circuit, in and for Sarasota County, Florida seeking damages for violations of Florida Statute 501.204(1) as part of the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"), tortious interference with a business contract, tortious interference with a prospective

economic relationship, defamation via pissedconsumer.com, defamation via twitter, and declaratory relief.

3. The case was removed to the Federal District Court, Middle District of Florida on August 26, 2014, and docketed as Roca Labs, Inc. v. Consumer Opinion Corp., et. al, Case No. 8:14-cv-02096-VMC-EAJ.

4. On September 11, 2014, Opinion Corp. filed its Answer and Affirmative Defenses to Roca Labs' Complaint in case number 14-cv-02096.

5. A Case Management Order was entered in case number 14-cv-02096 on November 5, 2014, setting the deadline for the parties to amend pleadings as January 20, 2015.

6. On January 14, 2015 Opinion brought the instant action in the United States District Court, Southern District of Florida.

7. On January 30, 2015, the court in the Eastern District of New York entered an order transferring the case to the United States District Court, Middle District of Florida and docketed as Opinion Corp. v. Roca Labs, Inc., Case No. 8:15-cv-00263-SCB-TBM.

8. On March 9, 2015, Opinion Corp. voluntarily dismissed the case that had been transferred to the Middle District of Florida from the Eastern District of New York. [Case No. 15-cv-00263, Doc. No. 53].

9. The allegations in the instant case could have and should have been brought, if at all, in Middle District of Florida Case No. 14-cv-02096, as the parties were permitted until January 20, 2015 to amend pleadings. Instead, on January 14, 2015, Opinion Corp. filed the instant action in the United States District Court, Southern District of Florida.

10. On April 2, 2015, the court in the Southern District of Florida granted Roca Labs' motion to transfer the instant case to the United States District Court, Middle District of Florida.

**Opinion knowingly commenced this action in the wrong forum to harass Roca**

11. Opinion brought this action in the United States District Court for the Southern District of Florida to harass Roca and to inappropriately forum shop.

12. Opinion's sole basis for bringing this action in the Southern District was that Paul Berger, an attorney for Roca whom is not an employee works in Palm Beach County and therefore the Southern District was appropriate.

13. Opinion had no basis to believe that the Southern District was the appropriate forum for the matter at hand and commenced this action in the Southern District for harassment and for the improper purpose of hoping that the Southern District would not be aware of the other litigation that is ongoing before this Court (CASE 14-cv-02096-VMC-EAJ).

14. Thus from the outset Opinion engaged in bad faith litigation tactics designed to harass Roca. These tactics unnecessarily wasted Roca's time and money and wasted this Court's valuable time.

**Opinion's claims are compulsory counterclaims that should have been brought in Case No. 14-cv-02096-VMC-EAJ**

15. Roca submits that under Rule 13(a)(1) of the Federal Rules of Civil Procedure, Opinion's claims in the instant action were compulsory counterclaims in the already pending Middle District of Florida action, Case No. 14-CV-02096.

16. By prosecuting multiple actions regarding the same or substantially the same facts and issues in multiple venues, Opinion Corp. is engaging in unreasonable and vexatious conduct designed to multiply the proceedings and harass Roca.

**Count 1 and II of Opinion's claims have no basis in fact or law**

17. Count I and II of Opinion's claims are based on purported violations of 17 U.S.C. § 512(f).

18. The facts as alleged by Opinion would not support a violation of 17 U.S.C. § 512(f).

19. In addition, the application of the law to the facts would not support a violation. Counsel for Opinion is well aware of the limited application of 17 U.S.C. § 512(f) and almost two years prior to bringing the instant action published an article entitled *The de-fanging of 17 U.S.C. § 512(f)*, he wrote that the case of *Len v. Universal* was the nail in the coffin of the statute, and that in light of *Rossi v. MPPA* the statute was "almost useless" (Said documents referred to and will be attached should this motion be filed).

20. Given the alleged facts and the application of law, Opinion was well aware that Count 1 and 2 were baseless.

**Count III of Opinion's claim for Abuse of Process has no basis in fact or law**

21. The elements of a cause of action for abuse of process under Florida law are: (1) an illegal, improper, or perverted use of process by the defendant; (2) an ulterior motive or purpose in exercising the illegal, improper, or perverted process; and (3) damages to the plaintiff as a result. *Valdes v. GAB Robins N. Am. Inc.*, 924 So. 2d 862 (Fla. 3d DCA 2006).

22. Opinion has not alleged any facts to support abuse of process.

23. The issuing of a DCMA takedown letter is not an abuse of process and Opinion has stated no process or legal proceeding that has been violated by Roca (in fact there is none).

24. In its Complaint Opinion does not state with specificity one fact that would establish an element of the cause of action for abuse of process.

25. In its Complaint Opinion does not state how it was damaged by Roca or claim any damages (in truth there were no damages).

26. Opinion is in fact the company abusing the process, filing harassing litigation and perverting the legal system to the harm and detriment of Roca.

**Count IV Non-Infringement of Copyright**

27. In Paragraph 35 of Roca's Amended Complaint in Case No. 8:14-cv-02096-VMC-EAJ, Roca asserts that Opinion "created the subdomain www.roca-labs.PissedConsumer.com" and is seeking damages based upon this action.

28. In Count IV of its Complaint, Opinion is asking this Court to declare that the subdomain www.roca-labs.pissedconsumer.com does not infringe on Roca's copyrights. This matter is already squarely before the Court in the other matter and should have been raised as either a defense or counterclaim.

29. The Court would properly need to abstain from hearing Count IV of the complaint, as it is already before the Middle District in another matter.

30. Opinion is trying to get two bites of the same apple by litigating the issue in one case the Middle District and then again trying to litigate the issue by filing this complaint in the Southern District. This is bad faith litigation that cannot be permitted by this Court.

**Opinion Materially Misrepresented the Facts and Law in Count V**

31. In Paragraph 89 of the Complaint Opinion asserts that Roca initiated legal proceedings by sending a notice of defamation as required under Florida Statute § 770.

32. A notice provided under Florida Statute § 770 is not a legal proceeding and is in fact designed to prevent legal proceeding by giving individuals an opportunity to remove defamatory content.

33. As required by Florida Statute § 770.01 "[b]efore any civil action is brought for publication or broadcast, in a newspaper, periodical, or other medium, of a libel or slander, the plaintiff shall, at least 5 days before instituting such action, serve notice in writing on the defendant, specifying the article or broadcast and the statements therein which he or she alleges to be false and defamatory."

34. Opinion is factually and legally incorrect in its assertion that a notice was a commencement of legal proceedings. Opinion and its counsel are misapplying the facts and the law to this matter.

35. Opinion clearly brought Count V in bad faith as a means to harass Roca.

### ARGUMENT AND MEMORANDUM OF LAW

**Filing or maintaining a lawsuit that is knowingly without merit gives rise to sanctions under Rule 11 and 28 U.S.C. § 1927.**

36. By presenting to the Court a pleading, written motion, or other paper, an attorney certifies to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the legal contentions are warranted by existing law or by a nonfrivolous argument for extending or modifying existing law, or for establishing new law, and that the factual contentions have evidentiary support (or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery). Fed. R. Civ. P. 11(b)(2-3); see also *Lee v. Mid-State Land & Timber Co., Inc.*, 285 F. App'x 601, 608 (11th Cir. 2008).

37. Sanctions are appropriate pursuant to Rule 11 "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (internal quotation and citation omitted). "Sanctions may be imposed on the attorney, law firm, or party if Rule 11 is violated, the offending party is provided with an opportunity to withdraw the objectionable pleading and fails to do so, and a motion for sanctions is filed with the court." *Lee*, 285 F. App'x at 608 (citing Fed. R. Civ. P. 11(c)(1-2)).

**Filing or maintaining a lawsuit that is knowingly without merit gives rise to sanctions under Rule 11 and 28 U.S.C. § 1927.**

38. Under Rule 11 a party has an obligation to ensure both before and after a lawsuit is filed that it is well founded in both law and fact. Fed. R. Civ. P. 11(b); *Pierce v. Commercial Warehouse*, 142 F.R.D. 687, 690 (M.D. Fla. 1992). When a party fails to meet those obligations, courts have discretion to impose sanctions under Rule 11 and have done so under at least the following circumstances, which exist in this matter: (1) a party files a pleading that has no reasonable factual basis; (2) the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) the party files a pleading in bad faith for an improper purpose. *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001). Further, a party's obligations under Rule 11 continue to run even after the filing of a lawsuit. See *Phonometrics, Inc. v. Econ. Inns of Am.*, 349 F.3d 1356, 1361-1362 (Fed.

Cir. Nov. 21, 2003) (the "1993 amendment to Rule 11 emphasizes an attorney's continuing obligations to make inquiries, and thus the rule allows sanctions when an attorney continues 'insisting upon a position after it is no longer tenable.'").

39. When a motion for Rule 11 sanctions is filed, the burden shifts to the offending party, and the Court employs an objective standard to determine whether the non-movant's conduct is reasonable under the circumstances. *Diego, Inc. v. Audible, Inc.*, 505 F.3d 1362, 1368 (Fed. Cir. 2007); *Baker v. Krout*, 2013 U.S. Dist. LEXIS 118695 at *11 (M.D. Fla. July 18, 2013) (citing *Fox v. Arcadia State Bank*, 937 F.2d 1566, 1569-70 (11th Cir. 1991)); see also *Ruszala v. Walt Disney World Co.*, 132 F. Supp. 2d 1347, 1351 (M.D. Fla. 2000).

40. The Court is to inquire whether: (1) a party has asserted claims that are objectively frivolous; and (2) the party should have been aware that they were frivolous. *Ruszala* at 1351 (citing *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)). An action, such as this one, is "frivolous" if it is so lacking in arguable merit to be groundless or without foundation. *Id*. at 1350. Upon finding a party in violation of Rule 11, the Court must impose sufficient sanctions to deter repetition of the improper conduct, which may include dismissal of the offending pleading and the award of attorneys' fees and costs incurred as a result of the violation. *Foster v. Michelin Tire Corp.*, 108 F.R.D. 412, 415-416 (C.D. Ill. 1985).

41. Similarly, under 28 U.S.C. § 1927, a party's counsel can be subject to sanctions for unreasonably and vexatiously multiplying judicial proceedings. 28 U.S.C. § 1927. A "vexatious suit" has been defined to mean a lawsuit instituted maliciously and without good cause, as well as, lacking justification and intended to harass, and instituted without

sufficient grounds for the purpose of causing trouble or annoyance to the defendant. *Boler v. Space Gateway Support Co. LLC,* 290 F. Supp. 2d 1272, 1276 (M.D. Fla. 2003). The Eleventh Circuit has further stated that § 1927 allows the Court to assess attorneys' fees against counsel and law firms who willfully abuse the judicial process by "conduct tantamount to bad faith." *See Boler* at 1277, citing *Avirgan v. Hull,* 932 F.2d 1572, 1582 (11th Cir. 1991).

42. In addition to powers deriving from statutes or rules, courts also have the inherent authority to sanction litigation misconduct when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975) (citations omitted). "These other mechanisms, taken alone or together, are not substitutes for the inherent power, for that power is both broader and narrower than the other means of imposing sanctions." *Chambers v. Nasco, Inc.,* 501 U.S. 32, 46 (1991). Whereas rules-based or statute-based sanctions "reach only certain individuals or conduct, the inherent power extends to a full range of litigation abuses."

**Opinion knowingly brought and maintains this litigation against Roca in violation of Rule 11 and 28 U.S.C. § 1927 as the Complaint is frivolous and has no basis in fact.**

43. Federal Courts are not a battleground for Opinion to wage a war against Roca by filing litigation that wholly lacks any merit and cannot be supported by fact or law. Opinion's claims asserted here are not substantiated by the facts or law, were previously brought in New York and dismissed by Opinion, and/or are being litigated in another case in this jurisdiction.

44. Opinion had no factual or legal basis for commencing this action in the Southern District of Florida, just like it had no basis for bringing its other lawsuit against Roca in the Eastern District of New York.

45. The standard is an objective one; whether a reasonable party would have acted in a particular way. *See Chambers v. NASCO Inc.,* 501 U.S. 32, 47 (1991). "The reasonableness of the conduct involved is to be viewed at the time counsel or the party signed the document alleged to be the basis of the Rule 11 sanction." *Sussman v. Salem, Saxon and Nielsen, P.A.,* 150 F.R.D. 209, 213 (M.D. FLA 1993). The purpose of Rule 11 sanctions is to "reduce frivolous claims, defenses, or motions and to deter costly meritless maneuvers." *Massengale v. Ray,* 267 F.3d. 1298, 1302 (11th Cir.2001); *see also, Susmann*, 150 F.RD. at 213 ("this Court recognizes Rule 11's objectives, which include: (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management").

46. Opinion knowingly and intentionally continues to litigate its baseless claims and will seemingly search for any friendly Court that will entertain its actions. This behavior has not been permitted by two other Federal Courts and it should not be permitted here.

47. As described in paragraphs 1-14 and 17-35 the facts in this case do not support any of the legal conclusions made by Opinion. Its complaint is without merit and should be dismissed.

48. We believe that the Defendant is materially misstating facts and intentionally applying the wrong law in order to harass the Plaintiff. In *Whitehead v. Food Max of Miss, Inc.*

322 F.3d 796, 806 (5th Cir. 2003) the Court stated "A district court may sanction an attorney for presenting a paper to the court for "*any* improper purpose, *such as to harass*...." FED.R.CIV.P. 11(b)(1) (emphasis added). Although a district court is not to read an ulterior motive into a document "well grounded in fact and law", it may do so in exceptional cases, such as this, where the improper purpose is objectively ascertainable. *See Sheets,* 891 F.2d at 537-38."

**Opinion knowingly brought and maintains this litigation against Roca in violation of Rule 11 and 28 U.S.C. § 1927 as the Complaint cannot be sustained as a matter of law, as it consists of compulsory counterclaims.**

49. Opinion has completely ignored Rule 13 of the Federal Rules of Civil Procedure and has attempted to bring an action for what at best would be viewed as compulsory counterclaims in another matter (in truth these counterclaims would fail as well).

50. Roca submits that under Rule 13(a)(1) of the Federal Rules of Civil Procedure, Opinion's claims in the instant action were compulsory counterclaims in the already pending Middle District of Florida action, Case No. 14-CV-02096.

51. As the claims were compulsory counterclaims, there is no basis in law for the complaint.

**Opinion knowingly brought and maintains this litigation against Roca in violation of Rule 11 and 28 U.S.C. § 1927 as the Complaint was brought in bad faith and was filed purely to harass Roca.**

52. Opinion Corp. and its counsel believe that litigation is war. The matter before the Court serves no legitimate purpose and was designed merely to harass Roca and try to harass a settlement out of Roca.

53. From the outset, Opinion commenced this litigation in bad faith by bringing this case in the Southern District. Opinion was aware that this was an improper forum but harassed Roca by filing the case there.

54. The lawsuit can have no legitimate basis, as the central issues were already before the Court. It was brought only to harass.

55. Opinion already filed and then dismissed a similar action. Opinion previously admitted defeat in its attempt to secure declaratory judgment from the Court when it voluntarily dismissed its previous lawsuit. There can be no doubt that this suit is just as meritless.

56. Due to the misconduct Roca had to suffer great expense in motion practice and in initially have this case moved from the Southern to the Middle District of Florida. It is now incurring great expense defending this action.

57. Roca's business and reputation was also harmed, as Opinion used this lawsuit as a media event to try to harm Roca by portraying it in a false light to chase away its customers.

58. Perhaps the Southern District Court of New York said it best in *Revson v. Cinque & Cinque,* 70 F. Supp. 2d 415, 434 (S.D.N.Y. 1999) "A lawyer's duty to represent his client zealously does not permit him to treat his adversary or parties in an offensive and demeaning manner or to engage in a course of conduct intended to coerce a settlement through improper threats and harassment. Although a lawyer must represent his client zealously, he must do so within the bounds of the law. An attorney is a professional and an officer of the court, not a hired gun or mercenary whose sole motivation is to win or an attack dog whose sole purpose is to destroy." Defendants view this litigation as war,

are using their legal team as attack dogs and will stop at nothing to win. This behavior should not be permitted by the Court.

59. Opinion's assertion of these frivolous claims has no reasonable chance of success and is made in bad faith. Sanctions under Rule 11, 28 U.S.C. § 1927, and/or the Court's inherent powers are thus appropriate in this action to deter abusive litigation contemplated by Opinion, and to compensate Opinion for the amounts they have spent in responding to this action.

60. For these reasons, this Court should impose appropriate sanctions against Opinion and its counsel and (1) award to Roca its reasonable attorneys' fees, costs, and expenses incurred in responding to the instant action; (2) dismiss this action with prejudice; and (3) grant Roca all other and further relief that this court deems just and proper.

**Certificate of Compliance with Rule 3.01(g)**

Counsel for Defendant Roca hereby certifies that on May 5, 2015 counsel for Opinion was provided with a copy of this proposed motion and on June 3, 2015 prior to filing conferred with counsel for Plaintiff. On May 5, 2015, Roca served a copy of this Motion on Opinion, in compliance with the safe-harbor provision of Fed. R. Civ. P. 11. While the parties exchanged numerous communications in an effort to reach agreement, Plaintiff is opposed to the relief requested by this Motion.

**WHEREFORE** having so moved in the instant matter Roca requests that the Court enter appropriate sanctions against Opinion and for such other and further relief the Court deems proper and just.

Dated June 4, 2015

Respectfully submitted

/s/ Paul Berger
FL Bar No. 4413
Roca Labs, Inc.
P.O. Box 7898
Delray Beach, FL 33482-7898
Tel. 305-998-6150
Legal5@rocalabs.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 4, 2015, I filed a true and accurate copy of the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Marc Randazza. A copy was also furnished via email to attorney Ronald Coleman, who appears on the pleadings but is not admitted in this matter.

/s/ Paul Berger
FL Bar No. 4413
Roca Labs, Inc.
P.O. Box 7898
Delray Beach, FL 33482-7898
Tel. 305-998-6150
Legal5@rocalabs.com

Counsel for Plaintiff

**Roca Labs™ USA Pharmaceuticals**

Paul Berger Esq. <legal5@rocalabs.com>

## Re: Roca Labs adv. Pissed Consumer
1 message

**Marc Randazza** <mjr@randazza.com>   Thu, Sep 18, 2014 at 8:46 PM
To: "Paul Berger Esq." <legal5@rocalabs.com>

*murum aries attigit*

> On Tue, Sep 16, 2014 at 8:18 PM, Paul Berger Esq. <legal5@rocalabs.com> wrote:
> Marc:
>
> Sorry for the late response, but I am out of the office until Thursday.  If there is something that you would like me to review, please email it to me.
>
> Paul
>
>
> On Tue, Sep 16, 2014 at 2:00 PM, Marc Randazza <mjr@randazza.com> wrote:
>> Paul,
>>
>> Do you want to have a chat today?  I think you might be really interested in what I'm digging up.
>>
>> --
>>
>> **Marc John Randazza, JD, MAMC, LLM**\* | **Randazza Legal Group**
>> 3625 South Town Center Drive | Las Vegas, NV 89135
>> Tel: 702-420-2001 | Fax: 305-437-7662
>> Email: mjr@randazza.com | Website: www.randazza.com
>>
>> Las Vegas | Philadelphia | San Francisco | Miami
>>
>> \* Licensed to practice law in Arizona, California, Florida, Massachusetts, and Nevada.
>>
>>
>> --
>> Paul Berger, Esq.
>> Independent General Counsel
>> Roca Labs, Inc.
>> Direct 305-998-6150



--

**Marc John Randazza, JD, MAMC, LLM**\* | **Randazza Legal Group**
3625 South Town Center Drive | Las Vegas, NV 89135
Tel: 702-420-2001 | Fax: 305-437-7662
Email: mjr@randazza.com | Website: www.randazza.com

Las Vegas | Philadelphia | San Francisco | Miami

---

* Licensed to practice law in Arizona, California, Florida, Massachusetts, and Nevada.