UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OPINION CORP., et al.,  Case No: 8:15-cv-00811-EAK-AEP

    Plaintiffs,

v.

ROCA LABS, INC.,

    Defendant.
_____/

**PLAINTIFFS' MOTION TO STAY CASE PENDING APPEAL
OR, IN THE ALTERNATIVE, FOR EXTENSION OF TIME**

Plaintiffs Opinion Corp. and Consumer Opinion Corp. move for an Order from this Court staying all proceedings in this action pending appeal of the Court's grant of Defendant Roca Labs, Inc.'s ("Roca") Motion to Dismiss (Doc. # 43) or, in the alternative, request an extension of time to respond to Roca's Motion for Attorneys' Fees (Doc. # 46) until one week after the instant motion is adjudicated.[1] Due to upcoming deadlines regarding motions that would be stayed by such an order, Plaintiffs request that the Court rule on this motion on an expedited basis prior to September 10, 2015.

---

[1] Plaintiffs originally sought the relief requested herein via an Emergency Motion (Doc. # 49). The Court struck the motion as it determined the designation was unwarranted under Local Rule 3.01(e). (*See*, Doc. # 50.) Such motion was designated "Emergency" under the belief that Plaintiffs would otherwise be required to respond to Roca's fee motion before a regular motion to stay would be considered. (*See*, Local Rule 3.01(b); *see also*, *Anderson v. Shoar*, 2011 U.S. Dist. LEXIS 127314, *4 (M.D. Fla. Nov. 3, 2011) (a motion may be designated as an "emergency" "when there is a true emergency that the Court should entertain either immediately or shortly after its filing").)

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.0  INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiffs were previously sued by Roca in Florida state court for defamation and related claims, which matter was shortly thereafter removed to this Court as *Roca Labs, Inc. v. Consumer Opinion Corp., et al.*, Case No. 8:14-cv-02096-VMC-EAJ (the "Defamation Case"). None of the claims in the Defamation Case dealt with intellectual property infringement or any of the facts that Roca alleges constitute "defamation" in this case. Plaintiffs filed their answer in the Defamation Case on September 11, 2014. (*See*, **Exhibit 1**, Answer and Affirmative Defenses in Defamation Case.)

On October 29, 2014, Defendant served Plaintiffs with a DMCA takedown notice. (*See*, Doc. # 1 at ¶ 12.) Defendant again threatened Plaintiffs on January 13, 2015. (*See*, Doc. # 7-1.) Subsequently, on January 14, 2015, Plaintiffs initiated this action. After this case's transfer from the United States District Court for the Southern District of Florida to this Court (Doc. # 24), Roca filed a motion to dismiss for failure state a claim under Fed. R. Civ. P. 12(b)(6), arguing that Plaintiffs' claims in this action were compulsory counterclaims under Fed. R. Civ. P. 13(a) in the Defamation Case (Doc. # 28).

On August 10, 2015, this Court granted Defendant's motion. (*See*, Doc # 43.) In reaching its conclusion, this Court ruled that "the issues raised in this case should have been raised in the [Defamation] case, especially after amendment." (Doc. # 43 at 9.) However, Defendant had not sought leave to amend its complaint in the Defamation case until six days *after* the instant case had been filed. (*See*, **Exhibit 2**, Motion for Leave to File Amended Complaint in Defamation Case.)

2
Motion to Stay or Extension of Time

Plaintiffs' claims in this case stem directly from the October 29, 2014 and January 13, 2015 communications from Roca; they arose after the filing of the Defamation case and could not have been anticipated at the time the responsive pleading was due. Thus, the claims asserted herein could not have been a compulsory counterclaim and the subsequent filing of the complaint in the instant case was proper. Plaintiffs could not have known on January 14, 2015 that such claims could later be filed as a counterclaim to the amended complaint in the Defamation case, since Roca had not yet sought to amend. As this Court may have misapprehended the chronology, Plaintiffs have filed a Notice of Appeal. (*See*, Doc. # 45.)

While the motion to dismiss was pending, Roca filed a motion for sanctions under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 (Doc. # 40). That motion remains undecided. On the same day the appeal was filed, Defendant filed a motion for attorneys' fees pursuant to 17 U.S.C. § 505 and Fed. R. Civ. P. 11. (Doc. # 46).

Consideration and proceedings related to the two pending motions, Docs. # 40 & 46, should be stayed pending resolution of the appeal. A reversal of this Court's Order would defeat any claim to entitlement of fees or sanctions that Defendant currently possesses. A stay would also prevent further litigation in the event that this Court were to reach a conclusion on the issue of entitlement to fees that is inconsistent with the 11th Circuit's decision on appeal. The Court is requested to enter an Order staying this case on an expedited basis, as Plaintiffs' opposition to Roca's motion for fees is due September 10, 2015. Entering a stay on the proceedings before this deadline would conserve the resources of both the Court and the parties.

## 2.0 LEGAL STANDARD

As a general rule, a notice of appeal divests a district court of jurisdiction in a given case. *See, Hetrick v. Ideal Image Dev. Corp.*, 2009 U.S. Dist. LEXIS 131587, *3 (M.D. Fla. June 22, 2009). When an appeal on the merits is pending, a district court has discretion to rule on a claim for fees or to deny such a motion with leave to re-file after conclusion of the appeal. *See, id.; see also, BJCC v. LeFevre*, 2011 U.S. Dist. LEXIS 132842, *5 (M.D. Fla. Oct. 11, 2011).

## 3.0 ARGUMENT

There are compelling reasons for the Court to stay proceedings in this case. If the 11th Circuit finds differently than this Court has as to the compulsory nature of Plaintiffs' claims, then any intermediate determination as to the propriety of fees or sanctions would be premature. Indeed, Roca's motion for attorneys' fees is based on the Court's granting its Motion to Dismiss. (*See*, Doc. # 46 at 3-4 (stating that "[t]here can be no dispute that Defendant is the prevailing party as Plaintiff's [sic] case was dismissed with prejudice by this Court"), 11-12 (arguing that the Court finding that Plaintiffs' claims were compulsory constitutes a basis for Rule 11 sanctions).) A contrary finding by the 11th Circuit would materially change the basis for Roca's fees and sanctions motions.

Under these circumstances, a stay on the proceedings is appropriate. The court in *Hetrick v. Ideal Image Dev. Corp.*, 2009 U.S. Dist. LEXIS 16699, *6 (M.D. Fla. Feb. 18, 2009) stayed district court proceedings pending appeal of dismissal of a claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") because "dismissal of such claims is one of Ideal Image's two

theories backing its attorney's fees motion." (*Id*.) It found that, in that situation, "[s]uch a stay will serve the interests of the parties and the interests of the Court." The *Hetricks* court afterward dismissed the pending motion for fees with leave to re-file after the appeal was concluded because it found that "there is no good cause for the Motion for Attorney's Fees to remain pending during the appeal." *Hetrick v. Ideal Image Dev. Corp.*, 2009 U.S. Dist. LEXIS 131587, *4. It also noted, as part of its rationale, that "attorney's fees and costs are often resolved in appellate mediation." *Id*.

As in *Hetrick*, a stay on consideration of Roca's motion for sanctions and motion for attorneys' fees is appropriate. Just as the fee motion in *Hetrick* was based on dismissal of a claim, so, too, are Roca's pending motions for fees and sanctions. Litigating and adjudicating those motions now would be premature needlessly have consumed the time and resources of both the Court and the parties in the event of an appellate reversal.

**4.0  CONCLUSION**

For the foregoing reasons, the Court should enter a stay on all proceedings in this action pending appeal of its Order granting Roca's Motion to Dismiss, and enter such order prior to September 10, 2015, which is Plaintiffs' deadline to respond to the pending fee motion. Should the Court deny this relief, Plaintiffs, in the alternative, requests an extension of time to respond to Roca's Motion for Attorneys' Fees (Doc. # 46) until one week after the instant motion is adjudicated.

/ / /

/ / /

5
Motion to Stay or Extension of Time

The parties have met and conferred regarding this motion pursuant to Local Rule 3.01(g). Roca does not agree to Plaintiffs' requested relief.

Dated September 2, 2015.

Respectfully Submitted,

/s/ *Marc J. Randazza*
_____
Marc J. Randazza, Esq.
Florida Bar No. 625566
RANDAZZA LEGAL GROUP, PLLC
3625 S. Town Center Drive
Las Vegas, Nevada 89135
Tele: 702-420-2001
Fax: 305-437-7662
Email: ecf@randazza.com

CASE NO.: 8:15-cv-00811-EAK-AEP

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 2, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served upon counsel for Plaintiff, via transmission of Notices of Electronic Filing generated by CM/ECF.

_____
An employee / agent of
RANDAZZA LEGAL GROUP, PLLC