## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

OPINION CORP. and CONSUMER
OPINION CORP.,

      Petitioners,

v.                                         Case No: 8:15-cv-811-T-17AEP

ROCA LABS, INC.,

      Respondent.

_____

### ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION

This cause came before the Court pursuant to the *Plaintiffs' Motion to Alter or Amend Judgment Under Fed. R. Civ. P. 59(e)* (Doc. No. 52) (the "**Motion for Reconsideration**") filed by the Plaintiffs, Opinion Corp. and Consumer Opinion Corp. (the "**Plaintiffs**" or the "**Opinion Parties**") on September 8, 2015, and the *Defendant's Roca Labs, Inc. Response to Plaintiff's (sic) Motion to Alter or Amend Judgment* (Doc. No. 55) (the "**Response**") filed by the Defendant, Roca Labs, Inc. (the "**Defendant**" or "**Roca**"). For the reasons set forth below, the Motion for Reconsideration is **GRANTED**.

### I.    Background

On August 15, 2014, Roca filed a complaint against the Opinion Parties in Florida state court. On August 26, 2014, the case was removed to the United States District Court for the Middle District of Florida, and assigned Case No. 8:14-cv-2096-VMC-EAJ (the "**2096 Case**"). (2096 Case Doc. No. 1).[1] Through the 2096 Case, Roca asserted claims against the Opinion Parties for (i) violations of the Florida Deceptive and Unfair

_____

[1] All references to documents filed in the 2096 Case shall be in the following format: (2096 Case Doc. No. ___).

Trade Practices Act ("**FDUTPA**"), (ii) interference with Roca's contractual relationships, and (iii) defamation. (2096 Case Doc. No. 2).  On September 11, 2014, the Opinion Parties filed and served their answer in the 2096 Case. (2096 Case Doc. No. 9) (the "**Answer**").

According to the Opinion Parties, on October 29, 2014 Roca transmitted a "takedown" request to the Opinion Parties under the Digital Millennium Copyright Act (the "**DMCA**"). (Doc. No. 1, at 2).  The "takedown" request alleged acts of copyright infringement by the Opinion Parties. (Doc. No. 1, at 6).  Thereafter, on January 13, 2015, Roca allegedly sent the Opinion Parties a correspondence under Section 770.01 of the Florida Statutes, through which it threatened to sue the Opinion Parties for defamation. (Doc. No. 1, at 3).  The following day, on January 14, 2015, the Opinion Parties commenced this action, seeking (i) damages for alleged violations of the DMCA and abuse of process related to Roca's transmittal of the "takedown" notice, (ii) declaratory relief regarding whether the Opinion Parties had infringed Roca's copyrights, (iii) declaratory relief regarding whether the statements identified by Roca in its January 13, 2015 correspondence were defamatory, and (iv) a determination that Roca was an alter ego of another entity, Roca Labs Nutraceuticals USA, Inc. ("**RLN USA**") (collectively, the "**811 Claims**"). (Doc. No. 1).

Shortly thereafter, on January 19, 2015, Roca filed a motion in the 2096 Case to amend its complaint to address and incorporate some of the events that gave rise to the 811 Claims. (2096 Case Doc. No. 79).  Judge Covington permitted Roca to amend its complaint, which it filed on March 20, 2014. (2096 Case Doc. No. 114) (the "**Amended Complaint**").  On April 15, 2015, the Opinion Parties filed their answer and affirmative

defenses to the Amended Complaint. (2096 Case Doc. No. 117) (the "**Amended Answer**").  However, the Opinion Parties did not assert any counterclaims mirroring the 811 Claims in the Amended Answer.

Two days later, on April 17, 2015, Roca filed a motion to dismiss the 811 Claims for failure to state a claim (Doc. No. 28) (the "**Motion to Dismiss**").  On August 10, 2015, the Court entered an *Order* (Doc. No. 43) (the "**Dismissal Order**") dismissing the 811 Claims with prejudice.  Through the Dismissal Order, the Court determined that the 811 Claims should have been asserted as compulsory counterclaims in the 2096 Case; particularly in the Amended Answer.  Fourteen days later, on August 24, 2015, the Plaintiffs filed a *Notice of Appeal* (Doc. No. 45) (the "**Notice of Appeal**") of the Dismissal Order to the Eleventh Circuit Court of Appeals.  Thereafter, on September 8, 2015,[2] the Plaintiffs filed the Motion for Reconsideration, seeking reconsideration of the Dismissal Order.  The Defendant filed its Response on September 23, 2015.

II.   **Legal Analysis**

   A.   **The Court has jurisdiction to consider the Motion for Reconsideration.**

Before considering the merits of the Motion for Reconsideration, the Court must address a threshold jurisdictional issue.  First, "[a]s a general rule, the filing of a timely notice of appeal divests a district court of jurisdiction over the action." *Guadagni v. New York Transit Auth.*, 2009 WL 750224, at *2 n.3 (E.D.N.Y. March 19, 2009).  As a result, some courts have concluded that a district court lacks jurisdiction to consider a motion for reconsideration filed *after* a notice of appeal of the same order or judgment. *See, e.g.*,

---

[2] The Motion for Reconsideration was filed 29 days after entry of the Dismissal Order. However, since Monday, September 7, 2015 was Labor Day, the Motion for Reconsideration was timely under Federal Rule of Civil Procedure 6(a)(1)(C).

*Adkins v. Jeffreys*, 327 F.App'x 537, 539 (6th Cir. 2009).   However, other courts have held that under Federal Rule of Appellate Procedure 4(a)(4), the filing of a motion for reconsideration suspends the effectiveness of an earlier-filed notice of appeal until after the district court has ruled on the post-trial motion. *See, e.g., Stewart Part & Reserve Coal., Inc. v. Slater*, 374 F.Supp.2d 243, 252 (N.D.N.Y. 2005) (where a notice of appeal is "filed *prior* to . . . the filing of a Rule 59(e) [m]otion . . . application of Appellate Rule 4 effectively renders the appeal to the Court of Appeals in abeyance pending the district court's determination of the post-judgment motion.").

The Eleventh Circuit has not squarely addressed this issue, but binding Fifth Circuit authority states that a district court has authority to consider and deny a Rule 60(b) motion filed *after* a notice of appeal. *Wilson v. Thompson*, 638 F.2d 801, 803 (5th Cir. 1981). More recently, a court in this circuit held that the effect of filing a Rule 59 motion *after* the filing of a notice of appeal "is (1) to stay the notice of appeal until the motion is resolved and (2) to revive the court's jurisdiction." *McNair v. Campbell*, 315 F.Supp.2d 1179, 1181 (M.D. Ala. 2004).   The *McNair* court's interpretation is supported by the 1993 Advisory Committee Notes to Federal Rule of Appellate Procedure 4, which state that "[a] notice filed *before the filing of one of the specified motions* or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals." *Slater*, 374 F.Supp.2d at 252 (quoting Fed. R. App. P. 4, Advisory Committee Notes 1993 Amendments) (emphasis added).

Applying *Slater*, *Wilson*, and *McNair* to the facts of this case, the filing of the Motion for Reconsideration suspended the effectiveness of the Notice of Appeal.   Therefore, the

Court believes that it has jurisdiction to consider the merits of the Motion for Reconsideration.

> **B.** **The Court has discretion to grant or deny a Motion for Reconsideration.**

Federal Rule of Civil Procedure 59(e) gives the Court "broad discretion to reconsider an order which it has entered." *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F.Supp.2d 1316, 1331 (M.D. Fla. 1999). "There are three grounds that justify granting a motion to alter or amend judgment: 1) an intervening change in controlling law; 2) the availability of new evidence; or 3) the need to correct clear error or prevent manifest injustice. *Id.* "A motion to alter or amend a judgment must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 684 (M.D. Fla. 1996). While a Rule 59(e) motion is "not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision," such a motion is appropriate "when the court has patently misunderstood a party and has made a decision outside the adversarial issues presented, or has made a mistake, not of reasoning, but of apprehension." *Id.* at 686. Ultimately, "[t]he decision of whether to grant or deny a Rule 59(e) motion is discretionary." *Id.*

Here, the Opinion Parties contend that the Court committed a clear error of law by dismissing the 811 Claims with prejudice. In particular, they argue that the events that gave rise to the 811 Claims occurred after the Opinion Parties filed their Answer in the 2096 Case and, as a result, that the 811 Claims could not have been compulsory counterclaims in the 2096 Case. For the reasons set forth below, the Court agrees that it was improper to dismiss the 811 Claims with prejudice.

C.    **The 811 Claims were not compulsory counterclaims when the Opinion Parties filed their Answer.**

Federal Rule of Civil Procedure 13(a)(1) states that "[a] pleading must state as a counterclaim any claim that – *at the time of its service* – the pleader has against an opposing party . . ." Fed. R. Civ. P. 13(a)(1) (emphasis added).  Pursuant to Federal Rule of Civil Procedure 7(a)(2), "an answer to a complaint" is a pleading. Fed. R. Civ. P. 7(a)(2). Therefore, at the time of the service of the Answer in the 2096 Case, the Opinion Parties were required to state any compulsory counterclaim they had against Roca.  Here, the 811 Claims are largely derived from conduct that occurred subsequent to the filing of the Answer in the 2096 Case.  For example, Counts I-III are based on the "takedown" notice that Roca transmitted to the Opinion Parties in October of 2014, and Count V is based on the allegations of defamation made in the January 13, 2015 correspondence.  Along the same lines, Count IV, wherein the Opinion Parties seek a declaration regarding Roca's accusations of copyright infringement, and Count VII, wherein the Opinion Parties seek a determination that Roca is an alter ego of RLN USA, were not raised in the 2096 Case. As a result, the 811 Claims were not compulsory counterclaims when the Opinion Parties filed their Answer in the 2096 Case.

D.    **Even if the 811 Claims became compulsory counterclaims based on the filing of the Amended Complaint in the 2096 Case, the 811 Claims fall within the "another pending action" exception set forth in Rule 13(a)(2)(A).**

Federal Rule of Civil Procedure 13(a)(2)(A) states that "[t]he pleader need not state the claim if when the action was commenced, the claim was the subject of another pending action." Fed. R. Civ. P. 13(a)(2)(A).  In *Union Paving Co. v. Downer Corp.*, which is cited in the Advisory Committee Notes to Rule 13, the Ninth Circuit Court of Appeals stated "[t]he purpose of this exception is seemingly to prevent one party from compelling

another to try his cause of action in a court not of the latter's choosing when the same cause of action is already the subject of pending litigation in another forum, one which was probably chosen by the owner of the cause of action concerned." 276 F.2d 468, 470 (9th Cir. 1960).  Stated simply, "[t]he exception enables a party to escape the waiver rule if he has already begun his action in another forum of his own choosing." *Id.*

In the Dismissal Order, the Court did not consider the impact of Rule 13(a)(2)(A) because, when the 2096 Case was commenced in August of 2014, the 811 Claims were not technically the subject of "another pending action."  Rather, the 811 Claims did not become the subject of "another pending action" until approximately five months later, when the Opinion Parties commenced this case.  However, upon closer review, the decision not to apply Rule 13(a)(2)(A) was based an overly technical and narrow reading of Rule 13(a)(2)(A).  This is because even if the filing of the Amended Complaint converted the 811 Claims into compulsory counterclaims, the earliest the Opinion Parties would have been required to assert the 811 Claims as counterclaims would have been when they filed the Amended Answer.  By that point in time, the 811 Claims had been the subject of "another pending action" for approximately four months.  As a result, requiring the Opinion Parties to bring the 811 Claims in the 2096 Case have violated the policy of Rule 13(a)(2)(A), which is "to prevent one party from compelling another to try his cause of action in a court not of the latter's choosing when the same cause of action is already the subject of pending litigation in another forum." *Union Paving*, 276 F.2d at 470.  With these considerations in mind, the Court believes that it misapprehended the applicability of Rule 13(a)(2)(A) in relation to Roca's filing of the Amended Complaint.  Therefore, the 811 Claims should not have been dismissed for failure to comply with Rule 13(a)(1).

III.    **Conclusion**

Accordingly, it is

**ORDERED** that the Motion for Reconsideration is **GRANTED**.  The Clerk of Court

is directed to **VACATE** the Dismissal Order, and to **STAY** this case pending resolution of

the appeal.  Within fourteen (14) days after the resolution of the appeal, the parties shall

file a joint statement regarding the status of this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 25th day of January,

2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

All Parties and Counsel of Record