UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OPINION CORP., et al.,

    Plaintiffs,

v.                                          CASE NO. 8:15-CV-811-17AEP

ROCA LABS, INC.,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion for Default Judgment (Dkts. 71, 73), to which Defendant has not responded. Upon consideration, the motion is **DENIED**.

## PROCEDURAL HISTORY

On January 14, 2015, Opinion Corp. and Consumer Opinion Corp. filed the instant action against Roca Labs, Inc., the latest in a string of lawsuits between the parties. (See Dkt. 24 at 2-3; Dkt. 59 at 1-3). Roca Labs manufactures dietary supplements, which it markets as a safe alternative to gastric bypass surgery. (Case No. 14-cv-2096, Dkt. 114 at ¶¶ 15-17). Opinion Corp. operates the website "pissedconsumer.com," which contains negative information about Roca Labs and its products. (Dkt. 1 at ¶¶ 2, 19, 21).

In this action, Plaintiffs assert violations of the Digital Millennium Copyright Act and a state-law claim for abuse of process based on Roca Labs' transmission of a statutory "takedown notice," which, according to Plaintiffs, falsely charged them with copyright infringement. Plaintiffs also request a declaratory judgment that the website neither infringed Roca Labs' copyrights nor defamed Roca Labs.

Roca Labs initially appeared in this action, but has not filed an answer. Accordingly, on March 9, 2016, the Clerk entered default. (Dkt. 69). On April 8, 2016, Roca Labs' counsel withdrew, citing Roca Labs' position "that the parties no longer have an active dispute and there is no reason to expend additional resources defending this case." (Dkt. 64 at 1). Although counsel provided no further detail, the Court surmises that Roca Labs may consider this action at least partially moot, in light of the disposition of a related case pending before the Honorable Virginia Hernandez Covington (Case No. 8:14-cv-2096). In that case, the parties' positions were reversed, and Judge Covington granted Plaintiffs' motion for summary judgment on each of Roca Labs' eleven claims under Florida law, including defamation claims that overlap with the defamation issues in this case. (Case No. 8:14-cv-2096, Dkts. 114, 220, 221). The Court also notes that on September 24, 2015, the Federal Trade Commission filed an action against Roca Labs, resulting in an asset freeze and other preliminary injunctive relief. (Case No. 8:15-cv-2231, Dkt. 38 at 11; Dkt. 90).

In an effort to bring the instant action to a close, Plaintiffs filed a motion for default judgment on April 11, 2016. (Dkt. 71). Plaintiffs seek declaratory relief, nominal damages, and $85,700.15 in attorneys fees and costs, which they contend should be quadrupled as punitive damages, for a total award of $342,800.60. (Dkt. 71 at 23).

**FACTUAL ALLEGATIONS**

Plaintiff Opinion Corp. operates the website "pissedconsumer.com," which provides a forum for consumers to state their opinions of a product, a company, and a company's customer service. (Dkt. 1 at ¶¶ 2, 29). The website includes negative information about Roca Labs. (Id. at ¶¶ 19, 21).

2

Plaintiff Consumer Opinion Corp. owns the trademarks "PISSED CONSUMER" and "PISSED CONSUMER.COM." (Id. at ¶ 3). Consumer Opinion Corp. licenses the trademarks to Opinion Corp. for use on the website. (Id. at ¶ 4). Otherwise, Consumer Opinion has no control over Opinion Corp.'s operations or the website. (Id. at ¶¶ 5, 25).

On October 29, 2014, Roca Labs transmitted to Opinion Corp. a "takedown notice" pursuant to the Digital Millennium Copyright Act. (Id. at ¶ 12; Dkt. 71-1). The takedown notice alleged that the website contained material that infringed Roca Labs' copyrights, including a "thumbnail image of Roca Labs['] copyrighted website," which "contains the image of Roca Lab[s'] product that was photographed by Roca Labs." (Dkt. 71-1 at 2). In addition, Roca Labs alleged that the website used the trademarked name "Roca Labs" in at least three URLs, including "http://roca-labs.pissedconsumer.com." (Id. at 3).

On January 13, 2015, Roca Labs' attorney sent an email to Plaintiffs requesting that they remove the following statements from the website: (1) "there have been 52 complaints [against Roca Labs], $110k in claimed losses, $2.1k average loss, and 0 resolved," (2) "Roca Labs, through its chief attorney, Paul Berger, believes it can silence you through fear and intimidation directed at Pissed Consumer," and (3) "Roca Labs first sued us." (Dkt. 1 at ¶¶ 15, 16, 19, 21; Dkt. 7-1 at 2). The email was sent pursuant to Fla. Stat. § 770.01, which requires written notice before a civil action for libel or slander may be commenced. (Dkt. 7-1 at 2). The following day, Plaintiffs filed the instant action. (Dkt. 1).

## STANDARD

A default judgment is appropriate when a defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a)-(b). A defaulting defendant admits the well-pleaded allegations in a complaint, but "is not held to admit facts that are not well-pleaded

3

or to admit conclusions of law." Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015) (internal quotation marks omitted). A default judgment is warranted only "where there is a sufficient basis in the pleadings for the judgment entered," which calls for allegations "akin to that necessary to survive a motion to dismiss for failure to state a claim." Id. (internal quotation marks omitted).

In order to survive a motion to dismiss for failure to state a claim, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. The factual allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

## DISCUSSION

The Complaint alleges violations of the Digital Millennium Copyright Act based on false statements in the takedown notice (Counts I and II), a state-law claim for abuse of process based on improper use of the takedown notice (Count III), a request for a declaratory judgment that Plaintiffs have not infringed Roca Labs' copyrights (Count IV), a request for a declaratory judgment that the statements on the website do not constitute defamation (Counts V and VI), and a request for a declaratory judgment that Roca Labs and a related company are alter egos for purposes of joint and several liability (Count VII). (Dkt. 1). Plaintiffs move for default judgment on all claims. (Dkt. 71).

The Complaint omits the requisite "short and plain statement of the grounds for the court's jurisdiction." (Dkt. 1 at ¶¶ 2-10); Fed. R. Civ. P. 8(a)(1). As a result, the Court undertakes jurisdiction solely under 28 U.S.C. § 1331, based on the federal-question claims presented in Counts I, II, and IV. For the reasons explained below, Count I, II, and IV do not currently state a plausible cause of action. Counts I, II, and IV are therefore dismissed <u>sua sponte</u>. In light of that dismissal, the Court dismisses the remaining state-law claims without prejudice pursuant to 28 U.S.C. § 1367.

### Digital Millennium Copyright Act (Counts I and II)

The Digital Millennium Copyright Act ("DMCA") provides that a service provider, such as Google, may avoid liability for storing infringing content if the service provider expeditiously removes or disables access to the content after receiving a takedown notice from the copyright holder. 17 U.S.C. § 512(c)(1)(C); <u>Lenz v. Universal Music Corp.</u>, 815 F.3d 1145, 1151 (9th Cir. 2016). The copyright holder must have "a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law." 17 U.S.C. § 512(c)(3)(A)(v).

Relevant to this action, the DMCA provides that a copyright holder may be subject to liability for misuse of the takedown procedure. In particular, "[a]ny person who knowingly materially misrepresents under this section . . . that material or activity is infringing . . . shall be liable for any damages." 17 U.S.C. § 512(f). The damages are recoverable when they are "incurred by the alleged infringer . . . who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing[.]" <u>Id.</u>

In this case, even assuming that the Complaint plausibly alleges a knowing and

material misrepresentation, the Complaint does not allege that the service provider—which is not identified in the Complaint—"remov[ed] or disabl[ed] access" to the allegedly infringing material. 17 U.S.C. § 512(f). Absent some indication that a "takedown" actually occurred, Plaintiffs fail to allege the requisite injury under Section 512(f), and thus fail to state a plausible claim under the DMCA.[1] Ground Zero Museum Workshop v. Wilson, 813 F. Supp. 2d 678, 704-05 (D. Md. 2011); Amaretto Ranch Breedables, LLC v. Ozimals, Inc., 790 F. Supp. 2d 1024, 1028-29 (N.D. Cal. 2011); cf. Lenz, 815 F.3d at 1149-50, 1156 (where a takedown occurred, holding that the alleged infringer could recover nominal damages).

The motion for default judgment is therefore denied with respect to Counts I and II. Counts I and II are dismissed, sua sponte, without prejudice for failure to state a claim. Surtain, 789 F.3d at 1248.

### Declaratory relief (Count IV)

In addition to the damages claims under the DMCA, Plaintiffs request a declaration that they have not infringed Roca Labs' copyrights. In particular, Plaintiffs seek a declaration that: (1) Opinion Corp.'s use of the name "Roca Labs" in URLs such as "roca-labs.pissedconsumer.com" does not constitute copyright infringement because there is no copyright in a name, (2) Consumer Opinion Corp. is not involved in any of the alleged infringing activity because it is not the operator of the website, and (3) the use of a

---

[1] Similarly, absent an injury in fact, Plaintiffs lack standing to sue for a violation of Section 512(f). Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1549 (2016) (confirming that "Article III standing requires a concrete injury even in the context of a statutory violation."). Because the standing inquiry and the merits inquiry overlap, the Court assumes that jurisdiction exists and evaluates the DMCA claim on the merits. Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A., 104 F.3d 1256, 1261 (11th Cir. 1997).

thumbnail image of Roca Labs' website constitutes "fair use" under the Copyright Act. (Dkt. 1 at ¶¶ 36, 43-46, 54-55, 57, 72-75).

As to the first issue, the request for declaratory judgment is denied. Plaintiffs are correct that there is no copyright in a name. 37 C.F.R. § 202.1 ("[w]ords and short phrases such as names, title, and slogans" are not subject to copyright). But given the obviousness of this principle,[2] Plaintiffs fail to demonstrate that a "substantial" controversy exists sufficient to warrant a declaratory judgment. Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1347 (11th Cir. 1999). As a result, the Court exercises its discretion under 28 U.S.C. § 2201, and declines to issue a declaratory judgment. Smith v. Casey, 741 F.3d 1236, 1244 (11th Cir. 2014). This portion of Count IV is dismissed with prejudice and without leave to amend because amendment would be futile. Surtain, 789 F.3d at 1248.

As to the second issue, Plaintiffs contend that Consumer Opinion Corp. was not involved in the allegedly infringing activity because it has no responsibility for the website. Notably, the Complaint includes no facts suggesting that Consumer Opinion Corp. and Roca Labs have the requisite "adverse legal interests." Allstate Ins. Co. v. Emp'rs Liab. Assur. Corp., 445 F.2d 1278, 1280 (5th Cir. 1971). In contrast to Opinion Corp, which does not dispute its use of Roca Labs' copyrighted work on the website, Consumer Opinion Corp. does not allege that it is infringing or that it is vicariously liable for infringement. Indeed, the Complaint specifically alleges that the takedown notice was transmitted only to Opinion Corp. and that Consumer Opinion Corp. has no responsibility for the website. (Dkt. 1 at ¶¶ 4-5, 12). Absent some indication that Consumer Opinion Corp. is an alleged

---

[2] According to the Complaint, "even a first-year law student or even a reasonably intelligent layperson would know that one does not have a 'copyright' on a name." (Dkt. 1 at ¶ 57).

7

infringer, the Court, in its discretion, declines to issue a declaratory judgment regarding Consumer Opinion Corp.'s non-infringement. Smith, 741 F.3d at 1244. This portion of Count IV is dismissed with prejudice and without leave to amend because amendment would be futile. Surtain, 789 F.3d at 1248.

As to the third issue, the Complaint conclusorily asserts that Opinion Corp.'s use of Roca Labs' copyrighted work was "fair use," but fails to include the requisite supporting facts. (Dkt. 1 at ¶ 36); Surtain, 789 F.3d at 1247 ("Well-pleaded facts are required."); Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ("[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). The Complaint omits a description of the copyrighted material for which Opinion Corp. claims fair use. The Complaint also contains no facts regarding the relevant fair use factors under 17 U.S.C. § 107, including the purpose and character of the use, the nature of the copyrighted work, the amount and substantiality of the proportion used in relation to the copyright work as a whole, and the effect of the use upon the potential market for or value of the copyright work. Katz v. Google Inc., 802 F.3d 1178, 1182 (11th Cir. 2015) (explaining that all factors must be explored and the results weighed together).

Additionally, and more significant, the Complaint lacks any allegation that the infringement is ongoing, sufficient to establish a "continuing controversy" that would be usefully served by the issuance of a declaratory judgment. Malowney, 193 F.3d at 1347-48 ("Injury in the past, however, does not support a finding of an Article III case or controversy when the only relief sought is a declaratory judgment"). For instance, the Complaint does not allege that Roca Labs threatened to pursue legal remedies against Opinion Corp. as a result of the alleged infringement or that it has otherwise acted to enforce its copyrights.

Diagnostic Unit Inmate Council v. Films Inc., 88 F.3d 651, 653 (8th Cir. 1996); Plant Food Sys., Inc. v. Foliar Nutrients, Inc., No. 6:11-CV-1880, 2012 WL 5387701, at *9 & n.8 (M.D. Fla. Oct. 3, 2012); cf. HSI IP, Inc. v. Champion Window Mfg. & Supply Co., 510 F. Supp. 2d 948, 956 (M.D. Fla. 2007).

Based on the foregoing, Plaintiffs' motion for default judgment as to Count IV is denied. Count IV is dismissed with prejudice, sua sponte, to the extent that it seeks declaratory relief on the first and second issues. With respect to the issue of fair use, Count IV is dismissed without prejudice.

### State-law claims

The remaining claims for abuse of process (Count III) and a declaratory judgment regarding defamation (Counts V and VI) sound in state law and do not effectively invoke this Court's federal-question jurisdiction. Stuart Weitzman, LLC v. Microcomputer Res., Inc., 542 F.3d 859, 861-62 (11th Cir. 2008); Borden v. Katzman, 881 F.2d 1035, 1038-39 (11th Cir. 1989). Plaintiffs' final claim, which requests a declaratory judgment regarding joint and several liability (Count VII), is moot absent a viable claim for damages.

Assuming, arguendo, that supplemental jurisdiction exists for the state-law claims pursuant to 28 U.S.C. § 1367(a), the Court finds that principles of judicial economy, fairness, convenience, and comity weigh in favor of declining jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(c)(3). Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1353 (11th Cir. 1997). Accordingly, the remaining claims are dismissed without prejudice. Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004); Sterling Nat'l Mortg., Co. v. Infinite Title Sols., LLC, No. 10-22147, 2011 WL 1303225, at *5 (S.D. Fla. Mar. 4, 2011), adopted, 2011 WL 1222168 (Mar. 31, 2011).

## CONCLUSION

Based on the foregoing, it is **ORDERED** that:

(1) Plaintiffs' Motion for Default Judgment (Dkt. 71) is **DENIED**;

(2) Count IV of the Complaint is **DISMISSED IN PART WITH PREJUDICE**, as set forth more specifically above. The remaining claims in the Complaint are **DISMISSED WITHOUT PREJUDICE** and with leave to file an Amended Complaint within 14 days of the date of this Order. If Plaintiffs fail to file a timely Amended Complaint, this action may be dismissed without further notice.

**DONE AND ORDERED**, in Chambers, in Tampa, Florida on this 17th day of November, 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of record